UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH ELAINE SHRIVER,

                Movant,                          File Nos. 1:01-CR-175
                                                                1:04-CV-684

v.

                                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

                Respondent.

_____/

## OPINION

      This matter comes before the Court on Movant Ruth Elaine Shriver's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I.

      On December 12, 2001, Movant was convicted by a jury of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and one count of offering a fictitious instrument with intent to defraud, in violation of 18 U.S.C. § 514(a)(2).  On June 5, 2002, she was sentenced to two concurrent terms of sixty months.  Movant appealed her conviction to the United States Court of Appeals for the Sixth Circuit, which affirmed the convictions on December 23, 2003.  Mandate issued on January 14, 2004.  Movant did not file a petition for writ of certiorari to the United States Supreme Court.

      On July 21, 2004, Movant filed a § 2255 motion in her criminal case, No. 1:01-cr-175, (Docket #473).  On October 12, 2004, she a functionally identical motion in a new civil case,

No. 1:04-cv-684 (Docket # 1).  The United States filed a response in the criminal action on September 24, 2004 (Docket #477).   On October 21, 2004, the government entered a response in the civil action, advising the Court that it intended to rely on the response previously filed in the criminal case (Docket #4).  Thereafter, on March 11, 2005, Movant filed a supplement to her motion (Docket ##8, 10).  The government responded to the supplemented motion on March 30, 2005 (Docket #15).  The motions have now been consolidated for review.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

In her original motion, Movant contended that her sentence was imposed in violation of *Blakely v. Washington*, 542, U.S. 296, 124 S. Ct. 2531 (2004), because this Court increased her sentence based on findings of fact that were not found by a jury and were not admitted by Movant.  In her supplemental motion, Movant invoked the United States Supreme Court's then-recent decisions in *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. FanFan*, 125 S. Ct. 12 (2004).

In *Blakely*, 542 U.S. 296, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines. In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines. The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id*. at 769. A case is considered final and no longer direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The Sixth Circuit issued its mandate on January 14, 2004. Because Movant did not file a petition for writ of certiorari, her conviction became final no later than April 13, 2004, at the expiration of the 90-day period for filing such petition. *See Clay v. United States*, 537 U.S. 522, 524-25 (2005); *Sanchez-Castellano v. United States*,

358 F.3d 424, 426 (6th Cir. 2004).  Movant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review.  *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005).  In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury.  In *Booker*, as in the instant case, the petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*.  Because *Booker* was decided after the Petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis.  It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review.  Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense.  *See Humphress*, 398 F.3d at 860-863.  Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding.  *See id*.

Based on the clear holding in *Humpress*, Movant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005.

Accordingly, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 must fail.

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date: _____August 16, 2005_____          /s/ Robert Holmes Bell_____
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE